TERRENCE M. BROOKS, ESQ.
DAVID RIVERA, ESQ.
BROOKS LYNCH & TYDINGCO LLP
Suite 101 - C & A Building
251 Martyr Street
Agana, Guam 96910
Telephone: (671) 472-6848

*Attorneys for Defendants*
*Sea View Enterprises,*
*d/b/a Mr. Sushi and*
*Kazunari Watanabe*

FILED
DISTRICT COURT OF GUAM
JUL 1 6 2002

## IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| ZYMA AUGUSTIN, MARITES CACYAN, LILIBETH CASINO, and MONA LISA MUSINGI, <br><br> Plaintiffs, <br><br> vs. <br><br> SEA VIEW ENTERPRISES, d/b/a/ MR. SUSHI and KAZUNARI WATANABE <br><br> Defendant. | CIVIL CASE NO. 02-00016 <br><br> **ANSWER TO COMPLAINT** |

Come now Defendants Sea View Enterprises, d/b/a Mr. Sushi and Kazunari Watanabe (collectively referred to as the "Defendants" herein) and hereby answers the Complaint as follows:

1. Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2. In response to the allegations contained in Paragraph 2 of the Complaint, Defendants admit that Sea View Enterprises d/b/a Mr. Sushi is a corporate resident of Guam doing business therein. All other allegations in Paragraph 2 of the Complaint not specifically admitted are denied.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. In response to the allegations contained in Paragraph 5 of the Complaint,

Defendants admit that Plaintiffs were employed by Sea View Enterprises as food handlers. Defendants lack sufficient information and belief as to the remaining allegations contained in said paragraph and on that basis denies same.

6. Defendants lack sufficient information and belief as to the allegations contained in Paragraph 6 of the Complaint and on that basis denies said allegations.

7. Defendants lack sufficient information and belief as to the allegations contained in Paragraph 7 of the Complaint and on that basis denies said allegations.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in Paragraph 9a of the Complaint.

10. Defendants deny the allegations contained in Paragraph 9b of the Complaint.

11. In response to Paragraph 10a of the Complaint, defendants admit that Plaintiff Lilibeth Casino was employed by Sea View Enterprises from approximately January 18, 2001-May 21, 2001 and from approximately June 8, 2001-August 2001. All other allegations contained in said paragraph not specifically admitted are denied.

12. Defendants deny the allegations contained in Paragraph 10b of the Complaint.

13. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

14. In response to Paragraph 12 of the Complaint Defendants admit that employees of the opposite sex and /or who were not Filipino were not subjected to the harassment Plaintiffs complain of and further deny that Plaintiffs were subjected to any form of harassment. All other allegations contained in paragraph 12 of the Complaint not specifically admitted are denied.

15. In response to Paragraph 13 of the Complaint Defendants lack sufficient information or belief as to the state of minds of the Plaintiffs and on that basis deny the allegations contained therein. Defendants further deny all allegations of harassment contained in said Complaint.

16. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

*Zyma Augustin, et al. vs. Sea View Enterprises*
*Civil Case No. CV02-00016*
*Answer to Complaint*

18. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

25. All other allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint and claims therein are barred by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

The Complaint and claims therein are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint and claims therein are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred by the defense of failure to mitigate.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint and claims therein are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint and claims therein are barred by the applicable statute of limitations.

**WHEREFORE**, Defendants Sea View Enterprises, d/b/a Mr. Sushi and Kazunari Watanabe pray for the following relief:

*Zyma Augustin, et al. vs. Sea View Enterprises*
*Civil Case No. CV02-00016*
*Answer to Complaint*

1. For an order and judgement denying all relief requested in Plaintiffs Complaint;
2. That Plaintiffs complaint be dismissed with prejudice;
3. That Defendant be awarded reasonable attorney's fees and costs incurred herein; and
4. For such further relief at law or in equity as may be just and proper.

Dated at Hagåtña, Guam on July 16, 2002.

BROOKS LYNCH & TYDINGCO LLP

By: _____
DAVID RIVERA
Attorneys for Defendants Sea View Enterprises,
d/b/a Mr. Sushi and Kazunari Watanabe

*Zyma Augustin, et al. vs. Sea View Enterprises*
*Civil Case No. CV02-00016*
*Answer to Complaint*