TERRENCE M. BROOKS, ESQ.
DAVID RIVERA, ESQ.
BROOKS LYNCH & TYDINGCO LLP
Suite 101 - C & A Professional Building
251 Martyr Street
Hagåtña, Guam 96910
Telephone:  (671) 472-6848
Telecopier:  (671) 477-5790

*Attorneys for Defendants*
*Sea View Enterprises,*
*d/b/a/ Mr. Sushi and*
*Kazunari Watanabe*

FILED
DISTRICT COURT OF GUAM
MAR 03 2003
MARY L. M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

ZYMZ AUGUSTIN, MARITES ) CIVIL CASE NO. 02-00016
CACYAN, LILIBETH CASINO, )
and MONA LISA MUSINGI )
                                 Plaintiffs, )
             vs. ) **DEFENDANT'S**
                                  ) **TRIAL MEMORANDUM**
SEA VIEW ENTERPRISES, d/b/a ) **OF FACTS AND LAW**
MR. SUSHI and KAZUNARI )
WATANABE, )
                                Defendants. )
_____ )

Defendants Sea View Enterprises, d/b/a Mr. Sushi and Kazunari Watanabe hereby submit the following Contentions of Facts and of Law.

**Status of the Case:**

This matter is scheduled for trial on March 25, 2003. The preliminary pre-trial conference is scheduled for March 3, 2003. The final pre-trial Conference is scheduled for March 17, 2003.

1. **CONTENTIONS OF FACT:**

   A. **Parties:**

   Defendant Sea View Enterprises, Inc., d/b/a Mr. Sushi is a corporation conducting business within the Territory of Guam. Defendant Kazunari Watanabi is the General Manager of Defendant Sea View Enterprises, Inc., d/b/a Mr. Sushi. Plaintiffs Zyma Augustin, Marites Cacyan, Lilibeth Casino and Mona Lisa Musingi are all former employees of Defendant Sea View Enterprises, Inc., d/b/a Mr. Sushi.

   B. **Factual Background:**

   Sea View Enterprises, Inc., d/b/a Mr. Sushi (hereafter "SVE"), is a wholesale food preparation business specializing in sushi dishes. Mr. Kazunari Watanabe is the Japanese Chef in charge of all food preparation. Among other duties, he overseas the preparation of a variety of Japanese sushi items and insures that all food preparation is consistent with the company's high standards.

   Each of the plaintiffs are former employees of SVE Each held the position of "kitchen helper." On May 19, 2001, Plaintiff Zyma Augustin resigned from the company. Her written resignation stated that it had been "a pleasure working for your company." She stated to the company that the reason that she was leaving was that she was going to the Phillippines to pick up her kids. No mention was ever made of any offending conduct or statements directed at her. She had been employed at SVE since August, 2000.

   Plaintiff Lilibeth Casino initially joined SVE on or about January, 2001. She first resigned from the company on May 20, 2001. In her written resignation Ms. Casino made no mention of any disparaging comments or inappropriate behavior directed at her from Mr. Watanabe. Her handwritten resignation thanked Mr. Watanabe for the opportunity of employment in his company. On May 5, 2001 prior to Ms. Casino's resignation, Ms. Casino's husband complained in writing on behalf of his wife that one of Mr. Watanabe's employee's had told other employee's in the presence of Ms.

Casino that she was the employee's "pretty lady" and the employee's girlfriend. Based upon this complaint Mr. Watanabe immediately investigated the allegations. As a result of the investigation the employee who directed the comments to Ms. Casino was terminated even though Ms. Casino no longer worked for the company. The written notice of termination specifically listed as a basis of termination sexual harassment and/or advancement against other employees. The termination notice went on to state:

> Our employees want to work in an environment where they can feel secure and confident that these uninvited advancements will not occur. In more than one instance you have violated this trust with your co-workers.

On or about June 8, 2001, Ms. Casino returned to work for the company and remained employed there until she again resigned on or about August, 2001. No specific reason was given for her resignation and no complaint concerning disparaging comments by Mr. Watanabe was made either prior to or at the time of resignation.

Marites Cacyan started working for SVE on or about July 2000 and stopped working on March, 2001. No formal resignation was handed in. Nor was any complaint concerning Mr. Watanabe made either prior to or at the time of resignation.

Mona Liza Musingi started working for SVE on or about December, 2000 and left the company for personal reasons on or about April, 2001. No complaints concerning Mr. Watanabe had been lodged prior to or at the time of resignation.

Mr. Watanabe first learned of the alleged charges when contacted by the EEOC. Then, as now, Mr. Watanabe denies making any of the statements alleged by the complainants nor any other statements disparaging to the Filipino people. He further denies ever sexually harassing any employee at any time and has, in the past, enforced a policy against such harassment.

C. **Jurisdiction and Venue.**

Zyma Augustin, et al. v Sea View Enterprises, d/b/a Mr. Sushi, et al.
Civil Case No. 02-00016
Defendant's Trial Memorandum of Facts and Law

Case 1:02-cv-00016 Document 11 Filed 03/03/2003 Page 3 of 6

Plaintiff filed her claim under 42 USC § 2000 (e) et. seq.

2. **CONTENTIONS OF LAW:**

   A. **Elements of A Title VII Claim:**

The applicable statute under which this suit is brought is 42 USC §2000 et seq. Harassment on the basis of national origin is a violation of Title VII. An ethnic slur or other verbal or physical conduct made because of an individual's nationality constitutes harassment if they create an intimidating, hostile or offensive working environment, unreasonably interfere with work performance or negatively affects an individual's employment opportunities.

Title VII also protects individuals against employment discrimination on the basis of sex. In general, an employer has a two prong affirmative defense to employee claims of sexual discrimination/harassment. An employer can insulate itself against liability by establishing: (1) the employer exercised reasonable care to prevent and correct discriminatory or harassing behavior, and (2) the complaining employee unreasonably failed to utilize the company's internal complaint procedure.

   B. **Defendants Deny the Alleged Actions:**

In the first instance Defendants believe that the Plaintiffs will fail to establish their burden of proof as the acts alleged never happened. Moreover, the pleadings fail to establish that the alleged conduct was pervasive to the point of creating an intimidating, hostile or offensive working environment, or unreasonably interfered with work performance or negatively affected an individual's employment opportunities.

Morever, with regards to sexual harassment, Defendants clearly exercised reasonable care to prevent and correct discriminatory or harassing behavior as evidenced by the investigation and termination of an employee accused of sexually harassing Plaintiff Casino. None of the Plaintiffs

Zyma Augustin, et al. v Sea View Enterprises, d/b/a Mr. Sushi, et al.
Civil Case No. 02-00016
Defendant's Trial Memorandum of Facts and Law

Case 1:02-cv-00016    Document 11    Filed 03/03/2003    Page 4 of 6

ever lodged a complaint concerning Mr. Watanabe and the company was unreasonably denied the opportunity to investigate and remedy any of the alleged violations.

### C. Title VII Does Not Apply to These Defendants

Mr. Watanabe is individually named as a defendant in this matter. The Ninth Circuit shares the view of the majority of circuits that there is no individual liability under Title VII. <u>Miller v. Maxwell's International, Inc.</u>, 991 F.2d 583, 588 (9th Cir. 1993).

As for Defendant SVE, at any given time the company has employed no more than four (4) to (five (5) employees. An "employer" is defined under Title VII as follows

> The term "employer" means a person engaged in an industry affecting commerce **who has fifteen or more employees** for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. (Emphasis added).

42 U.S.C. §2000e (b).

Thus, neither Mr. Watanabe nor SVE are "employers" within the meaning of Title VII.

Because SVE and/or Mr. Watanabe have always employed fewer then fifteen employees they are exempt from Title VII. Only employers with fifteen or more employees are covered by Title VII. See, e.g., <u>Walters v. Metropolitan Educational Enterprises</u>, 519 U.S. 202 (1997).

Respectfully submitted this 3rd day of March, 2003.

BROOKS LYNCH & TYDINCGO LLP

By: _____
David Rivera, Esq.
Attorneys for Defendants
Sea View Enterprises,
d/b/a/ Mr. Sushi and
Kazunari Watanabe

Zyma Augustin, et al. v Sea View Enterprises, d/b/a Mr. Sushi, et al.
Civil Case No. 02-00016
Defendant's Trial Memorandum of Facts and Law

Case 1:02-cv-00016    Document 11    Filed 03/03/2003    Page 5 of 6

# CERTIFICATE OF SERVICE

I, **David Rivera**, hereby certify that on or about March 3, 2003, I caused to be served the Defendants Pre- Trial Brief to the following parties at their place of business:

**William L. Gavras**
Gorman & Gavras, P.C.
118-A Chalen Santo Papa
Hagåtña, Guam 96910
Attorneys for Plaintiffs

EXECUTED this 3rd day of March 2003.

BROOKS LYNCH & TYDINGCO LLP

By: _____
**DAVID RIVERA**
Attorneys for Defendants
Sea View Enterprises,
d/b/a/ Mr. Sushi and
Kazunari Watanabe

---

Zyma Augustin, et al. v Sea View Enterprises, d/b/a Mr. Sushi, et al.
Civil Case No. 02-00016
Defendant's Trial Memorandum of Facts and Law