Law Offices of
TERRENCE M. BROOKS
Attorney At Law
Suite 101 - C & A Professional Building
251 Martyr Street
Hagåtña, Guam 96910
Telephone: (671) 472-6848
Telecopier: (671) 477-5790

Attorneys for Defendants Sea View Enterprises,
d/b/a/ Mr. Sushi and Kazunari Watanabe



# IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| ZYMA AUGUSTIN, MARITES CACYAN, LILIBETH CASINO, and MONA LISA MUSINGI,<br><br>Plaintiffs,<br><br>vs.<br><br>SEA VIEW ENTERPRISES, d/b/a MR. SUSHI and KAZUNARI WATANABE,<br><br>Defendants. | CIVIL CASE NO. 02-00016<br><br>REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS DUE TO LACK OF SUBJECT MATTER JURISDICTION |

COME NOW the Defendants Sea View Enterprises, d/b/a Mr. Sushi and Kazunari Watanabe (collectively referred to as "Defendants"), by and through counsel, and hereby files this Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss (hereafter "Opposition").

Plaintiffs' admit that on its face certain dates which are cited in Plaintiffs' Opposition "do not meet the statutory requirement of 15 employees." *See* Plaintiff Opposition at pg. 2, par. 2 Plaintiffs' Opposition goes on to assert, however, that the Articles of Incorporation and the Bylaws of the corporation establish that the Defendant has "separate individuals performing as officers of the corporation, specifically the vice president, secretary and treasurer." *See* Plaintiff Opposition at pg. 2, par. 2. Plaintiff argues that such officers must be counted as "employees" of the corporation thereby causing the business to meet the threshold amount required for Title VII cases. The

**ORIGINAL**

Plaintiffs', however, fail to state any legal citations to support this premise nor is any factual evidence presented that such "separate" individuals exist. Indeed, as will be shown below the Plaintiffs' statement itself is simply wrong. There are no other persons acting in the corporate offices cited by Plaintiff. Defendants further submit that not only would such corporate officers not be considered "employees" of the corporation, but that Mr. Watanabe himself should not have been counted as an employee, but, rather, as an employer. This actually lowers the count for each period cited throughout the initial Motion to Dismiss by one. Since no other basis is cited in support of the Plaintiffs' Opposition it is respectfully submitted that the Court must dismiss this matter due to Lack of Subject Matter Jurisdiction.

### There are no Separate Officers

Kazunari Watanabe, in addition to being the General Manager of Sea View Enterprises, Inc., also serves as each of the officers of the corporation. *See* Declaration of Kazunari Watanabe, attached hereto and incorporated herein as "Exhibit G"[1] Examples of his service in these capacities can be seen by a simple review of the corporate papers on file at the Department of Revenue and Taxation. Attached hereto and incorporated herein as "Exhibit H" is a true and correct copy of the Statement of the Treasurer of Sea View Enterprises, Inc., filed with the Department of Revenue and Taxation. In this document Mr. Kazunari Watanabe has signed as the treasurer of the corporation. Attached hereto and incorporated herein as "Exhibit I" is a true and correct copy of page 3 of the Bylaws of Sea View Enterprises, Inc. showing Mr. Watanabe's signature as secretary of the corporation. Since the incorporation of Sea View Enterprises, Inc., no one but Mr. Watanabe has served as an officer of the corporation. *See* Declaration of Kazunari Watanabe. Therefore the sole basis of Plaintiffs' Opposition is without merit and clearly Defendants are entitled to have this matter dismissed due to lack of subject matter jurisdiction.

### Employee Defined

Title VII defines an employee as "an individual employed by an employer..." 42 USC §2000e (f). The Internal Revenue Service ("IRS") has a somewhat more expanded definition, defining the

---

[1] "G" is used as it follows the last exhibit number, exhibit F, used in the Motion to Dismiss.

employment relationship as follows:

> ...generally the relationship of employer and employee exists when the person or persons for whom the services are performed have the right to control and direct the individual whom performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that result is accomplished. That is, an employee is subject to the will and control of the employer not only as to what shall be done but as to how it shall be done. In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if the employer has the right to do so.

IRS Rev. Rul 87-41.

Black's Law Dictionary has a definition for "employee" that is similar to the IRS definition, and further contains the caveat that "'employee' must be distinguished from "independant contractor," **officer,**" "vice-principal," "agent," etc....." *Black's Law Dictionary,* Fifth Edition, West Publishing Co. 1979 at pg. 471 (emphasis added).

The right to control and direct another in the performance of their work is a primary factor used by many courts to determine whether one is an employer or employee. For example, the D.C. Circuit Court has held that an employer-employee relationship exists when an employer reserves not only the right to control results achieved, but also the means to be used in attaining results. C.C. Eastern Inc.v. N.L.R.B., 60 F.3rd 855 (D.C. Cir. 1995). In Florida, it has been held that an "employee" is a person in services of another under any contract of hire, where the employer has the power or right to control and direct employee in the material details of how work is to be done. E.E.O.C. v. Dolphin Cruise Line Inc., 945 F. Supp. 1550 (S.D. Fla. 1996). The Ninth Circuit has stated that in determining whether a hired party is an employee under the general common law of agency, the court considers the hiring party's right to control the manner and means by which product is accomplished. Loomis Cabinet Co. v. Occupational Safety & Health Review Commission, 20 F.3d 938 (9th Cir. 1994).

### Defendant's Relevant Article and Bylaw Provisions

Article VI of the Defendants' Articles of Incorporation state that the officers of the corporation shall be a president, a vice president, a secretary, and a treasurer. It further provides that any person may hold two or more offices of the corporation. Attached hereto and incorporated herein

as "Exhibit J" is a true and accurate copy of page 5 of the Articles of Incorporation of Sea View Enterprises, Inc. obtained from the Department of Revenue and Taxation containing Article VI.

Under paragraph 4 of the Bylaws of Sea View Enterprises, Inc., no officer or director shall receive any compensation as such. Attached hereto and incorporated herein as "Exhibit K" is a true and correct copy of page 1, Par. 4 of the Bylaws of Sea View Enterprises, Inc. Paragraph 4 goes on to state that an officer or director *may* be an employee of the corporation. See Exhibit K. What Paragraph 4 tells us is that an officer is not required to be an employee of the corporation and that even if he or she is, that any compensation received is not for service as an officer. Finally, paragraph 4 tells us that the general manager shall set the salaries of all employees of the corporation and that the general manager shall be the principal operating officer of the corporation. See Exhibit K.

### Mr. Watanabe and Officers of Corp. are Employers

On its face the records of Defendants clearly establish that the threshold required for subject matter jurisdiction under Title VII has not been met and the arguments which follow are not really necessary to the resolution of this matter. Nevertheless, Defendants still wish to point out that the original count as provided to the Court actually overstates the number of employees by 1 in all instances. This is because Mr. Watanabe was inadvertently counted as an employee. Under the applicable caselaw he is the employer and not an employee. As the General Manager, Chief Operating Officer of the company and major shareholder, Mr. Watanabe makes all decisions concerning hiring and salaries and oversees all day to day operations of the company. Indeed, in the suit Plaintiffs' have captioned Mr. Watanabe as a Defendant because they believe that he is an employer. They have also pleaded facts in their complaint to support this. See Complaint, pg. 2, par. 4. Accordingly, for purposes of accuracy, the overall employee count for each period cited in the Motion to Dismiss should be reduced by one.

As for officers of the Defendant corporation, it has already been established that there are no separate individuals besides Mr. Watanabe acting as an officer of the corporation and thus no factual basis to add additional employees as urged by Plaintiffs.' Moreover, the Bylaws of the corporation establish that officers receive no pay to be officers. Accordingly, merely being appointed an officer

| | |
|---|---|
|1| of the corporation does not mean that one is hired by the corporation to be an employee. Indeed, as |
|2| already noted above the Bylaws state that an officer or director **may** be an employee of the |
|3| corporation. This clearly establishes that the mere appointment of one as an officer of the corporation |
|4| does not make that individual an employee of the company. As also noted above, Blacks Law |
|5| Dictionary specifically noted that the term "employee" must be distinguished from, among other |
|6| things, "officers." Thus, the mere fact that the Articles of Incorporation and the Bylaws of the |
|7| Defendant corporation provide for officer positions does not establish that there are separate |
|8| individuals who must be counted as employees. As already shown, factually there are none. |

## Conclusion

Plaintiff's Opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction contains no factual basis or cited authorities that contradicts Defendants' assertions that the Title VII threshold has not been met. Since the Title VII threshold requirements are not met in the instant case it should be dismissed with prejudice

Respectfully submitted this 4th day of April, 2003.

**Law Offices of
TERRENCE M. BROOKS**

By: *[signature]*

David Rivera, Esq.
Attorneys for Defendants
Sea View Enterprises,
d/b/a/ Mr. Sushi and
Kazunari Watanabe

# EXHIBIT "G"

TERRENCE M. BROOKS, ESQ.
DAVID RIVERA, ESQ.
LAW OFFICES OF TERRENCE M. BROOKS
Suite 101 - C & A Professional Building
251 Martyr Street
Hagåtña, Guam 96910
Telephone: (671) 472-6848
Telecopier: (671) 477-5790

*Attorneys for Defendants*
*Sea View Enterprises,*
*d/b/a/ Mr. Sushi and*
*Kazunari Watanabe*

# IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| ZYMA AUGUSTIN, MARITES CACYAN, LILIBETH CASINO, and MONA LISA MUSINGI, <br><br> Plaintiffs, <br><br> vs. <br><br> SEA VIEW ENTERPRISES, d/b/a MR. SUSHI and KAZUNARI WATANABE, <br><br> Defendants. | CIVIL CASE NO. 02-00016 <br><br><br><br><br> **DECLARATION OF KAZUNARI WATANABE** |

I, Kazunari Watanabe, do hereby declare under penalty of perjury that:

1. I am a Defendant in the above captioned lawsuit. The co-defendant Sea View Enterprises, d/b/a Mr. Sushi is my company as I am the principal shareholder.

2. I am an adult over the age of 18 and competent to testify on the matters stated herein.

3. I serve as the general manager of the corporation and in that capacity I act as the principal operating officer of the corporation overseeing all aspects of the day to day operations. In addition to supervising each of the company's employees on a day to day basis, I also set employee salaries, make out work schedules and actively market clients.

4. In addition to my duties as the general manager, I also serve as the officers of the

corporation, more specifically, I serve as president, vice president, secretary and treasurer of the corporation. I am the only person who has served as an officer of the corporation since incorporation.

5. I have reviewed the Motion to Dismiss filed by my attorney Mr. David Rivera as well as Mr. Rivera's Declaration which was filed with the original motion. The records attached as exhibits to the motion, specifically Exhibits B, D, and F are true and accurate copies of the business records of Sea View Enterprises, Inc. which are made in the ordinary course of business. I have also reviewed Exhibit C, the Calendar Year 2000 Employee Listing and Exhibit E containing employee quarterly listings for the year 2000 and breakdown by month of number of employees. The information contained in Exhibits C and E are fair and accurate listings each derived from existing business records. As for Mr. Rivera's Declaration, it fairly and accurately re-states and/or summarizes information which I had provided to him. Please note, however, that the Department of Revenue and Taxation has advised me that the Quarterly Report for the first quarter of 1999 is not in their possession. Nevertheless, as noted by Mr. Rivera, since all of the other Quarterly reports for 1999 had less than 15 employees, even if the missing one were to show more than fifteen and each of those employees worked every week for that quarter, the threshold of 20 weeks for this year would not be met.

Further declarant sayeth naught.

Dated this 3rd day of April, 2003.

By: /s/ Kazunari Watanabe
Kazunari Watanabe

# EXHIBIT "H"

## STATEMENT OF THE TREASURER

## OF

## SEA VIEW ENTERPRISES, INC.

TO ALL TO WHOM THESE PRESENTS MAY COME, GREETINGS:

KNOW YE, that I, the undersigned, a resident of the Territory of Guam, was duly elected and qualified as acting treasurer of said SEA VIEW ENTERPRISES, INC., at a meeting of the subscribers to said corporation, held on the 7th day of March, 1997, at the Law Office of Terrence M Brooks, P.C., Suite 101, 259 Martyr St., Agana, Guam 96910; that the total number of authorized shares of the capital stock of said corporation is 9,000 at the par value of $10.00 each; that one-hundred (100%) of said subscription has been subscribed and that one-hundred (100%) of said subscription has been paid for the benefit and to the credit of said SEA VIEW ENTERPRISES, INC. in the following manner to wit:

| Name | Shares Subscribed | Amount Paid |
|---|---|---|
| Kazunari Watanabe | 8,820 | $ 88,200.00 |
| Leo Okamura | 90 | 900.00 |
| Franklin J. Quitugua | 90 | 900.00 |

for a total of 9,000 shares subscribed and $90,000.00 in cash paid in.

IN WITNESS WHEREOF, I have hereunto set my hand this 24th day of March, 1997.

_____
KAZUNARI WATANABE,
Treasurer

Territory of Guam )

On this 24th day of March, 1997, before me, the undersigned notary public, personally appeared, **KAZUNARI WATANABE** the person whose name is signed on the preceding or attached document, and acknowledged to me that he/she signed it voluntarily for its stated purpose.

) S E A L (

_____
Notary Public

**CLARE C. LEON GUERRERO**
NOTARY PUBLIC
In and for the Territory of Guam, U.S.A.
My Commission Expires: Sept. 11, 1999
P. O. Box 4668 Agana, Guam 96932

# EXHIBIT "I"

to the corporation and shall be subject to all of the provisions set out above.

    13. Amendment of the bylaws. These bylaws may be altered amended, or repealed by affirmative vote of the majority of the shareholders, provided, that notice of the proposed alteration amendment, or repeal is contained in the notice of the meeting.

    The undersigned, being all the members of the board of directors of **SEA VIEW ENTERPRISES, INC.** hereby adopt these bylaws on the 7th day of March, 1997.

_____
KAZUNARI WATANABE

_____
LEO OKAMURA

_____
FRANKLIN J. QUITUGUA

[Notary stamp:]
ANGELA R. BRADLEY
NOTARY PUBLIC
IN AND FOR THE TERRITORY OF GUAM, USA
MY COMMISSION EXPIRES AUGUST 20, 2000
718 NO. MARINE DR. #204
UPPER TUMON, GUAM 96911

COUNTERSIGNED:

_____, Secretary

Territory of Guam )
                           )

On this 7th day of March, 19 97, before me, the undersigned notary, personally appeared Kazunari Watanabe + Franklin Quitugua, the person(s) whose name is/are signed on the preceding or attached document, and acknowledged to me that he/she signed it voluntarily for its stated purpose.

# EXHIBIT "J"

subscribed for, then, and in either event, the authorized and unissued shares may be issued and sold from time to time for such price and to such persons and on such terms as the board of directors may determine.

The corporation shall have power to issue preferred stock subject to redemption pursuant to provisions set forth in a resolution adopted by the holders of not less than three-fourths (3/4) of all of the shares of stock of the corporation issued and outstanding at the time of the adoption of such resolution.

## ARTICLE V

No shareholder shall transfer, alienate, or in any way dispose of any share of stock of the corporation unless such share shall first have been offered for sale to the corporation. The corporation reserves and shall have the exclusive right and option to purchase such shares at a price equal to the book value thereof within 30 days after such offer. After the expiration of such time, the shareholder, if the corporation shall not have exercised its option to purchase such share, shall be free to transfer, alienate, or otherwise dispose of such shares, without any restriction whatsoever. Failure of the corporation to purchase any share or shares and the sale or transfer thereof to any other person, shall not, as to any future sale or transfer of said share or shares issued in lieu thereof, discharge any such share or shares from the restrictions herein contained. It is the intent that all restrictions herein contained and imposed upon the sale or transfer of shares shall apply to all shares, whatsoever, or by whomsoever acquired, in the hands of all holders, or owners, whether original shareholders or subsequent purchasers or transferees and whether acquired through the voluntary or involuntary acts of a shareholder or by operation of law and whether a part of the first authorized issue or of any subsequent or increased issue. Provided, however, that the restrictions contained in this Article Five shall not apply to a gift or other transfer of shares from a shareholder to his spouse.

## ARTICLE VI

A. The officers of the corporation shall be a president, a vice-president or vice-presidents, a secretary or secretaries, and a treasurer. The corporation may have such additional officers as may be determined in accordance with the bylaws from time to time. The officers shall have the powers, perform the duties and be appointed as may be determined in accordance with the bylaws. Any person may hold two or more offices of said corporation, if so provided by the bylaws.

# EXHIBIT "K"

**BYLAWS**

**OF**

**SEA VIEW ENTERPRISES, INC.**

RECEIVED
BLB03
MAR 26 1997
DEPT. OF REV. & TAX
GOV'T OF GUAM
BLB

1. Two shareholders or directors, as the case may be, may call a special meeting of the directors of the shareholders by giving reasonable written or oral notice of the time and place of such meeting to the third director or shareholder. Regular meetings of the directors shall be held on the first Tuesday of every other month. The place of all meetings shall be at the principal office of the corporation unless two (2) directors or shareholders respectively agree otherwise.

2. Quorum for the transaction of business at shareholders' meetings shall consist of Fifty Percent (50%) plus one of the total shares subscribed.

3. Shareholder proxies shall be in writing signed by the shareholder giving the proxy identifying the person who may exercise the proxy and filed with the Secretary.

4. The president shall, in addition to his normal duties, be the general manager of the corporation. The vice president, secretary and treasurer shall fulfill the duties normally carried out by such officers. No officer or director shall receive any compensation as such. However, officers and directors may be employees of the corporation. The salary for all employees of the corporation, including the general manager, shall be fixed from time to time by the general manager who shall be the principal operating officer of the corporation.

5. The annual meeting of the shareholders of the corporation and the election of directors shall be held on December 15, 1995. Each of the shareholders shall be given written notice of the time and place of said meeting ten (10) days in advance of the meeting by the secretary.

6. The term of office of the officers shall be coextensive with the term of the directors who elected them.

1