DISTRICT COURT OF GUAM

TERRITORY OF GUAM

ZYMA AUGUSTIN, *et al.*,

    Plaintiffs,

vs.

SEA VIEW ENTER. d/b/a/ MR. SUSHI, *et al.*,

    Defendants.

Civil Case No. 02-00016

ORDER

This matter is before the Court on the Defendants', Sea View Enterprises, d/b/a Mr. Sushi ("Mr. Sushi") and Kazunari Watanabe, Motion to Dismiss Due to Lack of Subject Matter Jurisdiction. The defendants argue that because Mr. Sushi does not meet the definition of an employer as defined in 42 U.S.C. § 2000e(b) by employing fifteen or more employees for twenty or more weeks in the years 1999, 2000 and 2001, the Court does not have subject matter jurisdiction over the plaintiffs' Title VII, 42 U.S.C. § 2000e *et seq.*, claim. The Court has reviewed the parties' submissions, as well as relevant caselaw and authority. For the reasons discussed herein, the Court hereby GRANTS the defendants' motion.

## I. FACTS

The defendant, Sea View Enterprises, d/b/a Mr. Sushi ("Mr. Sushi") is a wholesale food preparation business specializing in sushi dishes. The defendant, Mr. Kazunari Watanabe ("Mr. Watanabe"), is the General Manager and the Japanese Chef in charge of the food preparation. Each

of the four plaintiffs, are former female Filipina employees[1] of Mr. Sushi. The plaintiffs allege that during their employment, Mr. Watanabe created a hostile work environment by consistently subjecting them to (1) derogatory remarks about Filipinos and (2) sexually harassing comments or acts. Because of these allegedly wrongful actions and oppressive environment, the plaintiffs contend they were forced to resign. On June 10, 2002, the plaintiffs filed their Complaint in this action against the defendants for violations of 42 U.S.C. § 2000e et seq. ("Title VII").

## II. ANALYSIS

The defendants now move this Court to dismiss the complaint for lack of subject matter jurisdiction. The defendants insist that the plaintiffs' suit must fail because Mr. Sushi is not an "employer" as that term is defined by 42 U.S.C. § 2000e(b), and thus this Court lacks subject matter jurisdiction. Whether Mr. Sushi constitutes an "employer" within the definition of Title VII is a threshold jurisdictional issue. Virgo v. Riviera Beach Associates, Ltd., 30 F.3d 1350, 1359 (11th Cir.1994). Under Title VII an employer is defined as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year . . .." 42 U.S.C.A. § 2000e(b). Therefore, whether Mr. Sushi is an "employer" is dependent upon whether it employs the requisite number of employees.

The phrase "current calendar year" refers to the year in which the discrimination occurred, not the calendar year in which EEOC charges were filed. Komorowshi v. Townline Mini-Mart & Restaurant, 162 F.3d 962 (7th Cir. 1998). Since all of the plaintiffs began to work for Mr. Sushi in either the years 2000 or 2001 and resigned from Mr. Sushi's employ in 2001 the relevant time period in this matter would be the years of 1999, 2000 and 2001. Defendants argue that at no time during these three years did Mr. Sushi employ 15 or more employees for each working day in each

---

[1] Plaintiff Zyma Agustin was employed by the defendant from August 15, 2000 to May 17, 2001. Plaintiff Marites Cacayan was employed by the defendant from July 24, 2000 to April 2, 2001. Plaintiff Lilibeth Casino was employed by the defendant from January 18, 2001 to May 21, 2001 and from June 8, 2001 to August 2001. Plaintiff Mona Liza Musngi was employed by the defendant from December 4, 2000 to April 4, 2001. See Complaint.

Page 2

of 20 or more calendar weeks. See 42 U.S.C.A. § 2000e(b).

In ruling on a motion to dismiss, the Court accepts the veracity of all well-pleaded facts in the plaintiff's complaint and views both the facts and all reasonable inferences in the light most favorable to the plaintiff. Zinermon v. Burch, 494 U.S. 113, 118 (1990). Defendants submit as evidence copies of the payroll records for the year 2001. See Exhibit A,[2] Declaration of David Rivera. For the year 2000, the defendants submitted a listing of all the employees' employment tenure reconstructed from all the pay stubs and the defendants' Department of Revenue and Taxation Employer Quarterly State Wage Reports for that year. Exhibit D. Said listing showed the month each employee started employment and the month that each employee terminated employment. Exhibit C.

For the year 1999, the defendants submitted Department of Revenue and Taxation Employer Quarterly State Wage Reports for the second, third and fourth quarters. Exhibit F. The defendants were unable to submit the first quarter report because it was not in their possession. However, the defendants argue that the missing quarterly report has no bearing on this matter. For example, there are less than 15 employees reported on the payroll in each of the three remaining quarters. The second quarter ending in June 30, 1999, listed a total of 11 employees. Id. The third quarter ending September 30, 1999, listed a total of 12 employees. Id. And, the fourth quarter ending on December 31, 1999, listed a total of 13 employees. Id. The defendants contend that even if Mr. Sushi employed 15 or more employees for each week of the first quarter that would result in a total of only 13 weeks wherein Mr. Sushi employed 15 or more employees in a calendar year, which is seven weeks less than required under the statute. See 42 U.S.C.A. § 2000e(b).

Here, the plaintiffs concede that based upon the defendants' records, it does not appear that Mr. Sushi meets the statutory requirement of employing 15 or more employees. However, the plaintiffs argue that during the year 2001, there are fourteen two-week periods in which Mr. Sushi

---

[2]The exhibits referenced in this Order are attached to the defendant's Motion to Dismiss or the Reply to Plaintiff's Opposition.

Page 3

employed twelve to fourteen employees. Upon review of Mr. Sushi's Articles of Incorporation and Bylaws, three individuals are to serve as officers, specifically as the vice president, secretary and treasurer.[3] The plaintiffs contend that by including these officers into the employee equation, the threshold number of employees required for a Title VII case is met. Thus, the issue before the Court is whether these corporate officers can be counted as "employees" so as to confer subject matter jurisdiction on the Court under Title VII.

The burden is on the plaintiffs, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982). The plaintiffs merely argue that the corporate officers are to be counted as employees in this instance. The plaintiffs did not provide any factual evidence showing that separate individuals hold these corporate officer positions or that the alleged officers received any compensation from the corporation. Additionally, the plaintiffs have failed to cite and the Court has found no case law or other indication that the term "employee" should be given this expansive meaning.

Title VII defines "employee" as "an individual employed by an employer" and an "employer" as "a person . . . who has fifteen or more employees . . . ." 42 U.S.C.A. § 2000e(b) and (f). These circular definitions are of little help. Thus, the Court refers to the Supreme Court's decision in Walters v. Metropolitan Educ. Enter., Inc., 519 U.S. 202, 117 S. Ct. 660 (1997) for guidance. In Walters, the Supreme Court clarified when an individual is considered an "employee" under Title VII, 42 U.S.C. § 2000e(b). The Supreme Court held that an individual is an "employee" if he/she has an "employment relationship" with his/her employer. Walters, 519 U.S. at 206-207, 117 S. Ct. at 663-64. An "employment relationship is most readily demonstrated by the individual's appearance on the employer's payroll." Id. at 206, 117 S. Ct at 663. This test is commonly called the "payroll method." Id. However, "the ultimate touchstone under 200e(b)" is "the existence of an employment relationship, not appearance on the payroll" since "an individual who appears on the payroll but is not an 'employee' under traditional principles of agency law

---

[3] Mr. Watanabe serves as each of the officers of the corporation and has since its incorporation. See Exhibit G, Declaration of Kazurani Watanabe, at ¶ 4.

Page 4

would not count toward the 15-employee minimum." Id. at 211-12, 117 S. Ct. at 666 (internal citation omitted).

The defendants assert that contrary to plaintiffs' contention no other individuals served or are presently serving as the separate corporate officers. In fact, Mr. Watanabe serves as each of the officers of the corporation. See Exhibit G, Declaration of Kazurani Watanabe at ¶ 4, and Exhibits H and I.[4] According to the defendants, no one other than Mr. Watanabe has served as an officer of the corporation since its incorporation. Id. at ¶ 4. Thus, there simply are no additional employees to be counted. The statue is quite clear that the number of employees is determinative, not the positions held.

Furthermore, even if the Court were to consider the corporate officers as employees, the plaintiffs still would not be able to establish that Mr. Sushi is an employer subject to Title VII liability since the plaintiffs have failed to show that the alleged officers were on Mr. Sushi's payroll or that the officers received any compensation for services provided. See Zimmerman v. North American Signal Co., 704 F.2d 347, 352 (7th Cir. 1983) ("We do not believe Congress intended the term "employee" to include persons who are no more than directors of a corporation or unpaid, inactive officers."). Under paragraph 4 of the Bylaws of Sea View Enterprises, Inc., no officer or director shall receive any compensation as such. See Exhibit K.

Moreover, the defendants argue that the number of employees was inadvertently overstated because it included Mr. Watanabe as an employee when he in fact should be considered the employer. Thus, defendants assert that Mr. Watanabe should not have been counted in determining the number of employees for Mr. Sushi.

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). Based upon the representations made and documents submitted, the Court finds that the defendants are not "employers" under Title VII since Mr. Sushi did not employ 15 or more employees for each

---

[4] Exhibit H is a copy of the Statement of the Treasurer of Sea View filed with the Department of Revenue and Taxation which shows that Mr. Watanabe signed as the treasurer. Exhibit I is a copy of Sea View's Bylaws showing Mr. Watanabe signature as the secretary of the corporation.

Page 5

working day in each of 20 or more calendar weeks during the relevant years of 1999, 2000 and 20001. See 42 U.S.C.A. § 2000e(b). The plaintiffs have failed to meet their burden of establishing that this Court has jurisdiction over this matter. The Court cannot invalidate express terms of federal statute on grounds of applying a policy of liberal construction, regardless of the ultimate ends that would be furthered. Accordingly, the Court grants the motion to dismiss without prejudice for lack of subject matter jurisdiction.

SO ORDERED this 7th day of July, 2003.

JOHN S. UNPINGCO
District Judge

Notice is hereby given that this document was entered on the docket on JUL 07 2003. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ JUL 07 2003
Deputy Clerk    Date